**Rufino Rodriguez GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–109 CR.**

Court of Appeals of Texas, Beaumont.

Jan. 25, 1984.

Petition for Discretionary Review Granted June 13, 1984.

Gary L. Kilgore, Garcia & Kilgore, Austin, for appellant.

Jeff Van Horn, Criminal Dist. Atty., Lockhart, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted by a Caldwell County grand jury on March 30, 1981, for the offense of delivery of more than one-fourth ounce of Marihuana, enhanced by allegations of two prior felony convictions. Appellant was found guilty by a jury, and the jury assessed his punishment at eleven years in the Texas Department of Corrections. Appellant perfected appeal to the Court of Appeals, Third Supreme Judicial District in Austin. The Supreme Court of Texas, by order of May 4, 1983, transferred the appeal to this Court. There is no contention the evidence is insufficient to support the conviction.

Appellant's first ground of error states: "The Trial Court erred in denying Appellant's Motion for Mistrial as a result of the prosecution's introduction of arrests of the Appellant which did not result in final conviction."

Before trial, appellant filed a motion in limine which, inter alia, requested:

"Comes now the Defendant in the above entitled and numbered cause and files this, his motion in limine and for good cause moves the Court to order the prosecutors representing the State of Texas in the above entitled and numbered cause and all of the State's witnesses to refrain from mentioning or suggesting in the State's voir dire and/or opening statement to the jury and by question, answer, statement, objection, side bar remark or in any other manner that any of the following facts exist:

\*    \*    \*    \*    \*    \*

"2. Record of prior arrests of accused—Any record or prior criminal arrests which have not resulted in conviction with which the Defendant could be impeached should he take the stand to testify in his own behalf."

Appellant's attorney, after the trial began but out of the presence of the jury, requested the trial judge, inter alia,

"What we're basically asking is that prior to going into any of these matters, and also that the State instruct their witnesses not to go into these matters, until there has been a conference at the Bench to determine whether they are admissible *because these matters are so prejudicial that if the jury hears them, then really a limiting instruction will not sufficiently preserve the right of the defendant from having his right to a fair trial.*" (emphasis supplied)

The prosecutor replied:

"Your honor, as long as the only requirement is that the State approach the Bench and procure a ruling, the State has no objection."

The Court announced:

"The Motion in Limine will be granted with that understanding."

*TEX.CODE CRIM.PROC.ANN. art. 37.-07, § 3(a)* (Vernon 1981), provides:

"Evidence of prior criminal record in all criminal cases after a finding of guilty

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. *The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the charged.*" (emphasis supplied)

In the case under review, during the sentencing phase of the trial, the prosecutor, in the presence of the jury, asked a witness, "Isn't it a fact that he [appellant] was charged on the 4th day of March of 1978 with delivering to Ronald Green a quantity of marijuana of over one-fourth of an ounce?" Appellant's counsel objected, and moved for a mistrial. The objection was sustained and a limiting instruction was given to the jury. The motion for mistrial was denied.

**522**

In *Mullins v. State*, 492 S.W.2d 277, 279 (Tex.Crim.App.1973), the present presiding judge of our highest court of criminal appeals wrote:

> "Article 37.07, supra, limits the 'prior criminal record' to *final convictions.* The fact of the prior conviction and the identity of the accused as the person so convicted are the necessary elements. The statute does not permit the State to show the details of the offenses resulting in such convictions, or extraneous offenses, not resulting in final convictions." (emphasis in original)

See also, *Ramey v. State*, 575 S.W.2d 535 (Tex.Crim.App.1978), and *Sherman v. State*, 537 S.W.2d 262 (Tex.Crim.App.1976).

The State in its brief "readily concedes that the question to the witness was an improper question subject to objection" but urges that the Court's action in sustaining the objection and instructing the jury to disregard cured the error, citing *Waller v. State*, 581 S.W.2d 483 (Tex.Crim.App.1979); *Seaton v. State*, 564 S.W.2d 721 (Tex.Crim. App.1978); *Granviel v. State*, 552 S.W.2d 107 (Tex.Crim.App.1976), cert. denied, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977); *Sheppard v. State*, 545 S.W.2d 816 (Tex.Crim.App.1977); *Kirkpatrick v. State*, 515 S.W.2d 289 (Tex.Crim.App.1974); *Pearce v. State*, 513 S.W.2d 539 (Tex.Crim. App.1974); *Guerrero v. State*, 507 S.W.2d 765 (Tex.Crim.App.1974); *Ortiz v. State*, 490 S.W.2d 594 (Tex.Crim.App.1973).

We recognize the rule directed in these cases, as indeed we must; nevertheless, here we have a situation where the judge before the trial directed that such a question not be asked before a ruling from the bench, a ruling which the State agreed to. If such rulings are to be considered "harmless" when violated as long as the judge properly instructs the jury, why should an appellant even request one? Our answer is that the same in this case was harmful, and we, therefore, sustain this ground of error and reverse and remand this case.

Reversed and Remanded.