**Rufino Rodriguez
GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–109 CR.**

Court of Appeals of Texas,
Beaumont.

Aug. 28, 1985.

Gary L. Kilgore, Austin, for appellant.

Jeff Van Horn, Crim. Dist. Atty., Caldwell County Courthouse, Lockhart, for appellee.

## OPINION

DIES, Chief Justice.

In our original opinion, *Rufino Rodriguez Gonzales v. State of Texas*, 692 S.W.2d 520 (Tex.App. Beaumont 1984), this Court reversed appellant's conviction on grounds of "prosecution's introduction of an arrest of the appellant which did not result in a final conviction." The Court of Criminal Appeals reversed the judgment and remanded this cause to this Court for consideration of appellant's other grounds of error. *Gonzales v. State*, 685 S.W.2d 47 (Tex.Crim.App.1985).

Appellant was convicted for the offense of delivery of marihuana of more than one-fourth ounce. Punishment, enhanced by one prior felony conviction alleged and proved, was assessed by the jury at confinement for a term of eleven years.

■ Appellant contends, by his second ground of error, that the trial court erred in failing to charge the jury on the issue of entrapment.

TEX.PENAL CODE ANN. § 8.06 (Vernon 1974) provides, in pertinent part:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Appellant's contention under this ground of error is based upon the testimony of Ned Anderson, a sergeant with the Austin Police Department who was, on the night in question, "working undercover narcotics" in Caldwell County. Anderson testified that he and an informant, Vernon Carter, saw an individual in a park. Anderson asked the individual if he had "anything" or if he knew where they could find "anything". This man said that he did not have anything, but that his brother Rufino (appellant) did. He described for Anderson the type of automobile his brother drove, and he directed Anderson to the residence of appellant.

As Anderson and Carter were driving towards appellant's residence, they saw appellant driving towards his residence and they followed him. Appellant drove into his driveway, and Anderson parked on the street approximately 20 feet from appellant's automobile. Appellant got out of his automobile and walked to the automobile Anderson and Carter were in. Anderson asked appellant if he had anything. Appellant said he did, and he went to his car and got two "baggies" from underneath the driver's seat. He handed the "baggies" to Anderson, who examined the same and then purchased one from appellant for $30.00.

The evidence upon which appellant relies fails to establish and fails to raise the issue that, by using persuasion or other means likely to cause the appellant to commit the offense, Anderson induced the appellant to commit the offense charged. It cannot be said that Anderson induced the appellant to commit the charged offense by merely asking appellant if he had "anything". Anderson merely provided the appellant the opportunity to commit the charged offense. We find no evidence in this record that appellant was entrapped, as that term is defined in *TEX. PENAL CODE ANN. § 8.06*. See and compare *Richardson v. State*, 622 S.W.2d 852 (Tex.Crim.App.1981); *Bush v. State*, 611 S.W.2d 428 (Tex.Crim. App.1980); *Lopez v. State*, 574 S.W.2d 563 (Tex.Crim.App.1978); *Holdaway v. State*, 505 S.W.2d 262 (Tex.Crim.App.1974); *Ramos v. State*, 632 S.W.2d 688 (Tex.App.—Amarillo 1982, no pet.). This ground is overruled.

In his third ground of error, appellant contends the trial court erred in "failing to require the state to provide the last known address of informant Vernon Carter."

On the day of trial, appellant filed a motion to require the State to "reveal the true name of the informant [Carter]". The record does not reveal that the motion was ever presented to the court or that the court ruled upon such motion. At a hearing on a pre-trial motion, on the day of trial, appellant's counsel, during examination of a State's witness, turned to the prosecuting attorney and inquired "I would like to ask [prosecuting attorney] on the record if he has Mr. Carter's address." State's counsel replied "No, I do not, Your Honor. I was not even aware he was living in Austin until the witness said so."

The next reference to Carter's address was made after the trial began and when the State called its' first witness to testify in the presence of the jury. During cross-examination of this witness appellant's counsel asked the witness if he knew Carter's address and his answer was "No, Sir, I don't." It was at this moment that counsel, for the first time, orally requested the court "that the State provide me with Mr. Carter's address so that I may subpoena him to come to this courtroom." The court then asked the prosecuting attorney if he had the address. He replied "The State has no idea where this individual is." The request was then denied. Appellant did not, at any time, dispute the answer given by the State's attorney.

We note that, prior to trial, appellant filed a motion for continuance because of the absence of Carter. This motion was overruled. Appellant makes no complaint on this appeal to such action of the court.

Appellant did not, at any time, file a written motion requesting Carter's address. The only request made was an oral request made after the trial had begun. The court ascertained that the State did not have any information as to the whereabouts of the witness. Such information given by the State was not disputed. Un-

der these circumstances, we perceive no error in the action of the court in overruling appellant's request.

Appellant next contends the court erred "in denying Appellant's Motion to Dismiss on the basis of the Texas Speedy Trial Act."

Appellant admits in his brief that this action "was commenced on March 30, 1981 by the filing of the indictment against the Appellant." He further admits that the state announced ready for trial with the applicable time limits prescribed by *TEX. CODE CRIM.PROC.ANN. art. 32A.02* (Vernon Supp.1985). An announcement of ready by the state, made within the prescribed period, creates a prima facie case that the state is ready for trial and the burden then shifts to the accused to establish, if he can, that the state was in fact not ready for trial. *Teamer v. State*, 685 S.W.2d 315 (Tex.Crim.App.1984); *Lopez v. State*, 628 S.W.2d 82 (Tex.Crim.App.1982). Such prima facie showing can be rebutted by evidence affirmatively showing that the state did not have a key witness or piece of evidence available by the last day of the applicable time period. *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979); *Simonsen v. State*, 662 S.W.2d 607 (Tex.App. —Houston [14th Dist.] 1983, no pet.).

The prosecuting attorney, during the hearing on the motion to dismiss (which was filed on the day of trial), testified that "the State had announced ready and has always been ready for trial from the time of indictment until today's date [December 7, 1981]. The State has known what witnesses that the State had to rely upon in proving this case beyond a reasonable doubt from the time of indictment on. The State has been ready from that time forward."

In his attempt to rebut the state's readiness for trial, appellant presented evidence that on September 8, 1981, in a civil proceeding involving the forfeiture of an automobile, the state announced it was not ready to try that particular case on that day because of the absence of a material

witness. Since this same witness was also a material witness in the instant case, appellant argues that the state could not have been ready for trial on September 8, 1981, in this case, and therefore, was not ready for trial at all times from the date of the indictment to the day of trial.

The case at bar was not set for trial for September 8, 1981. There was no reason for the state to have its witnesses standing by, or available, for each day from the issuance of the indictment to the day of trial, when the case was not set for trial. The Speedy Trial Act does not apply to the civil proceeding, and the announcement made by the state in that proceeding could have no effect upon an announcement in this criminal case.

The import of the civil proceeding announcement merely shows that a material witness in this criminal case was not available to the state on September 8, 1981. The state had no reason or obligation to have such witness available for trial on that date since the case was not set for trial for that date. Moreover, there was no showing by appellant that the witness was not available by the last day of the applicable time limit. The record reflects that the witness was available and testified on this trial. The evidence presented by appellant does not rebut the prima facie showing of compliance with the Speedy Trial Act.

The judgment is affirmed.