Edward BECKER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–01282–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 22, 1992.

744

Tom Moran, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Maria Casanova, Asst. Dist. Attys., Houston, for Appellee.

Before DUNN, DUGGAN and MIRABAL, JJ.

## OPINION

DUNN, Justice.

After a bench trial, the court found appellant, Edward Becker, Jr., guilty of delivering less than 28 grams of cocaine to an undercover agent, twice enhanced, and assessed punishment at 25–years imprisonment. We affirm.

■ Addressing appellant's first point of error, that there was insufficient evidence to support a conviction under any theory alleged in the indictment, we note that when reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984); *Coleman v. State*, 832 S.W.2d 409, 410 (Tex. App.—Houston [1st Dist.] 1992, pet. filed). The critical inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App.1991).

The evidence viewed in the light most favorable to the verdict is as follows. Operating undercover on September 11, 1991, Officer Dimas approached appellant who was sitting in a parking lot with some of his friends. Officer Dimas asked if anyone in the group knew where he could buy a $20.00 rock of cocaine. Appellant got in the car and directed the officer to the Astro Hotel, a well-known place to buy cocaine.

Upon arrival at the hotel, appellant asked the officer for the $20.00 with which to buy the cocaine, but the officer refused. Ne-

vertheless, appellant left the officer's truck and began looking for someone to sell the officer some cocaine. Appellant subsequently returned to the vehicle and informed the officer he had located someone selling cocaine. Appellant took the officer to Mr. Kelly, who completed the transaction with the officer. During the transaction, appellant informed Mr. Kelly that Officer Dimas was looking for a "twenty." He also handled the rocks of cocaine and the money, handing the money from the officer to Mr. Kelly and the cocaine from Mr. Kelly to the officer.

Appellant was indicted for intentionally and knowingly delivering the cocaine by actual transfer, constructive transfer, or by offering to sell. As this was tried to the bench, there are no jury issues to consider.

■ "Deliver" is defined in the Texas Controlled Substances Act as "to transfer, actually or constructively, to another a controlled substance ... regardless of whether there is an agency relationship." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1992). Actual transfer, constructive transfer, and offer to sell are mutually exclusive ways in which "delivery" might occur. *Conaway v. State*, 738 S.W.2d 692, 694 (Tex.Crim.App.1987). However, "delivery" may be accomplished by nothing more than making the drug available to another by placing it within his reach, even though there is no actual handing of the thing from one person to another. *Valladares v. State*, 800 S.W.2d 274, 277 (Tex.App.—Texarkana 1990, pet. ref'd), *cert. denied*, ─── U.S. ───, 112 S.Ct. 1571, 118 L.Ed.2d 215 (1992).

■ Appellant claims that since he was merely the conduit for the money (and according to the officer, the drug as well), he lacked sufficient possession and control to "deliver" the drugs as required by the statute. Appellant cites the case of *Thomas v. State*, 832 S.W.2d 47 (Tex.Crim.App.1992), to support his position. In *Thomas*, the appellant gave cocaine to a third party to sell to an undercover police officer. During the sale, the seller held the cocaine in his hand for the undercover agent "buyer" to inspect. *Id.* at 49. The officer counted

the money into the hand of the seller and then grabbed the seller's hand, still holding the cocaine, as he apprehended him. *Id.* The seller then threw the cocaine on the ground. *Id.* The jury was charged on delivery by constructive transfer and delivery as a party to the actual transfer. *Id.* The appellate court, reversing the trial court, found that because the seller had not ever voluntarily relinquished control to the buyer, no "delivery" occurred. *Id.* at 52. The Court of Criminal Appeals affirmed. *Id.* Appellant maintains that since he did not have control, he never voluntarily relinquished the cocaine; thus, the evidence was insufficient to convict him.

Appellant's argument is without merit. The record shows that he obtained a seller for the officer, that he informed the seller of the officer's desire to buy a "twenty," and that he handled the money and the cocaine.

■ The Texas Penal Code states that a party may be criminally responsible for an offense committed by another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX.PENAL CODE ANN. §§ 7.01, 7.02(a)(2) (Vernon 1974). To prove appellant's guilt as a party to actual delivery, the State must show that the actual transferor "committed the offense and appellant encouraged, directed, or aided him in the commission of that offense." *Lacy v. State,* 782 S.W.2d 556, 558 (Tex.App.—Houston [14th Dist.] 1989, no pet.); TEX.PENAL CODE ANN. §§ 7.01, 7.02(a)(2) (Vernon 1974).

■ It is unnecessary to specifically allege in the indictment that an accused is being charged as a party. *Jimenez v. State,* 739 S.W.2d 499, 501–502 (Tex.App.— Corpus Christi 1987, pet. ref'd), *cert. denied,* 488 U.S. 837, 109 S.Ct. 101, 102 L.Ed.2d 76 (1988). In determining whether appellant participated in the offense as a party, the court may examine the events occurring before, during and after the commission of the offense. *Thompson v. State,* 697 S.W.2d 413, 416 (Tex.Crim.App. 1985). Evidence is sufficient to support a

conviction under the law of parties where the actor is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement. *Cordova v. State,* 698 S.W.2d 107, 111 (Tex.Crim.App.1985), *cert. denied,* 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). The evidence must show that at the time of the offense the parties were acting together, each contributing some part towards the execution of their common purpose. *Brooks v. State,* 580 S.W.2d 825, 831 (Tex.Crim.App. [Panel Op.] 1979).

■ In a jury trial, if the evidence supports a charge on the law of parties, the court may charge on the law of parties even though there is no such allegation in the indictment. *Crank v. State,* 761 S.W.2d 328, 352 (Tex.Crim.App.1988), *cert. denied,* 493 U.S. 874, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989); *Ammons v. State,* 782 S.W.2d 539, 540 (Tex.App.—Houston [14th Dist.] 1989, no pet.). The *Ammons* court held that application of the law of parties does not create an offense separate from the one in the indictment. *Id.* at 541. Thus, it follows that since it is appropriate for a jury to consider the law of parties it should be appropriate for a judge to consider it in a bench trial. *See Jimenez,* 739 S.W.2d at 502.

We find that the evidence was sufficient beyond a reasonable doubt to convict appellant of actual delivery under the law of parties.

Appellant's first point of error is overruled.

Appellant's second point of error is that the State failed to disprove entrapment. This issue is also examined as an insufficiency of the evidence point of error.

■ Because entrapment is a defense to prosecution, as opposed to an affirmative defense, the burden of producing evidence to raise the defense is upon appellant, but the State has the burden of persuasion to disprove it. *Rios v. State,* 791 S.W.2d 509, 514 (Tex.App.—Corpus Christi 1989, no pet.). Appellant can raise the issue of entrapment even though he pleads not guilty, as long as he does not introduce

positive evidence that he did not commit the act. *Norman v. State,* 588 S.W.2d 340, 345 (Tex.Crim.App. [Panel Op.] 1979), *cert. denied,* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980). To determine whether appellant was induced, we are to objectively look at the effect of the officer's actions upon people generally; the character of appellant is not relevant to this inquiry. *Martinez v. State,* 802 S.W.2d 334, 336–37 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

Appellant argues he was entrapped as a matter of law for two reasons. First, Officer Dimas approached him and asked him if he would accompany the officer to the Astro Motel. Secondly, appellant contends there was no evidence that, had the officer not approached him, he would have done anything other than finish his beer and go to bed.

Appellant's situation is similar to that in *Gonzales v. State,* 697 S.W.2d 50, 51 (Tex. App.—Beaumont 1985, pet. ref'd), wherein the court held that the defendant was not induced because he located a seller of marihuana in response to the officer's asking him if he had "anything" or knew where he could find "anything." In that case, as here, the officer merely afforded the defendant the opportunity to commit the charged offense. *Id.*

Appellant's second point of error is overruled.

Appellant's conviction is affirmed.