**Todd Roderick HAMLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00616–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 4, 1995.

Travis B. Bryan, III, Bryan, for appellant.

James M. Kuboviak, Brazos, I. Richard Price, Bryan, for appellee.

Before TAFT, COHEN and HEDGES, JJ.

## OPINION

TAFT, Justice.

This case involves trial court error when the court sustains the State's challenge for cause of a venire member who cannot follow law which was not alleged in the charging instrument.

A jury found appellant, Todd Roderick Hamlin, guilty of driving while intoxicated and assessed punishment at 120–days confinement, probated for 240 days, plus a $750 fine. In four points of error, appellant contends that (1) the prosecutor made improper jury argument during the guilt-innocence phase of trial; (2) the prosecutor made improper jury argument during the punishment phase of trial; (3) the trial court erred in denying appellant's motion to suppress; and (4) the trial court erred in sustaining the

State's challenge for cause of venire member number six. We reverse.

## Summary of Facts

On September 10, 1993, at approximately 3:35 a.m., Officer Douglas Muxworthy of the College Station Police Department saw appellant and another driver accelerating their cars as if racing. The officer followed appellant's car, which slowed when the patrol car approached. Appellant's car was weaving inside its lane. The officer stopped appellant's car after noticing the rear license plate light was not functioning.

Officer Muxworthy smelled alcohol on appellant's breath, observed that appellant's eyes were bloodshot and glassy, and noted appellant's poor performance on several field sobriety tests. The officer arrested appellant for driving while intoxicated. At the police station, appellant was videotaped. He refused to take a blood or breath test. Appellant was charged by information which alleged that he was intoxicated "by not having the normal use of his mental and physical faculties."

## Challenge for Cause

In his fourth point of error, appellant contends the trial court erred in sustaining the State's challenge for cause after venire member person number six said he believed .10 to be an arbitrary blood alcohol level. The State maintains the challenge for cause was appropriate because the potential juror could not follow the legal definition of intoxication. Appellant argues that the law is inapplicable because no chemical test was performed or alleged in this case.

### 1. Standard of Review

▇ A prospective juror who would ultimately be guided by personal beliefs rather than by the law is unqualified to sit on a jury. *Castillo v. State,* 739 S.W.2d 280, 296 (Tex. Crim.App.1987). The State may challenge for cause any venire member who "has a bias or prejudice against any phase of the law upon which the State is entitled to rely for

conviction or punishment." Tex.Code Crim. Proc.Ann. art. 35.16(b)(3) (Vernon Supp. 1995). The State is not limited to challenges based upon laws relating to the particular facts of the case on trial. *Phillips v. State,* 701 S.W.2d 875, 884 (Tex.Crim.App.1985). Yet there are theoretical limits to the laws the State may rely on and raise in voir dire. *Id.*

▇ When reviewing a trial court's decision to sustain a challenge for cause, we look to the totality of the testimony supporting the trial court's implied finding of fact that the prospective juror is unable to take the requisite oath and follow the law as given by the trial court. *Kemp v. State,* 846 S.W.2d 289, 295–96 (Tex.Crim.App.1992); *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App. 1992), *cert. denied,* — U.S. —, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). An appellant complaining of an erroneously excluded juror must demonstrate that either: (1) the trial court applied the wrong legal standard in sustaining the challenge for cause; or (2) the trial court abused its discretion in applying the correct legal standard. *Kemp,* 846 S.W.2d at 296; *Cantu,* 842 S.W.2d at 682. A reviewing court gives great deference to the trial court, who is in the best position to observe the responses and demeanor of the prospective jurors. *Castillo v. State,* 739 S.W.2d 280, 296 (Tex.Crim.App.1987).

### 2. Application to the Facts

During voir dire, the prosecutor explained the two methods of proving intoxication: (a) physical or mental impairment or (b) a blood alcohol concentration of 0.10 or more.[1] Venire member number six said:

> [Prospective juror]: I have certain objections as to part B.
>
> . . . .
>
> .1 seems, to me, rather arbitrary. Texas, that says you're drunk. In other states you can have .1, but you wouldn't be drunk. It's a crime in one state, but not another. To me, that's a little bit arbitrary. You're a criminal here, but not in

---

1. "Intoxication" is defined as "(A) not having the normal use of mental or physical faculties ... or (B) having an alcohol concentration of 0.10 or more." Tex.Penal Code Ann. § 49.01 (Vernon 1994).

this other state, indicates something's a little arbitrary there.

[Prosecutor]: You think it's too high or too low?

[Prospective juror]: I think that part A is the main thing. It's not how much, it's whether you're incapacitated or not. If you're incapacitated, then you're intoxicated. It shouldn't really be based on the particular level, because some people can get intoxicated and couldn't drive a motor vehicle way below .1. And I think there's others above .1 who still would be very competent on the highway. I think it's a very biological thing.

After the defense attorney questioned the panel, the trial court asked several venire members to individually approach the bench. When venire member number six was called to the bench, the following conversation took place:

[Prosecutor]: Now, my question to you, sir, is whether you have a breath test or not, *are you going to require both a breath test and signs of physical intoxication,* under definition A, to reach a decision or come to a verdict in this case?

[Prospective juror]: *Basically, to me, decision A is the most important, regardless.* As I see DWI, regardless of how little or how much, the reason the law is there is to keep people who are impaired off the road. To me, that's what's important.

[Prosecutor]: Yes, sir. *Let's suppose the only evidence you have of intoxication was .10 or .12.*

[Defense counsel]: I'm going to object to that, Judge, for the reason that that's not alleged in this case. This man has said he could do it based on the only thing that's alleged in this case. If they had alleged .10, this might be a good area to go into. But it doesn't apply in this case. *We don't have alleged .10 in this case.*

[Prosecutor]: The purpose of this hearing, Your Honor, is to decide whether this person can follow the law under the state law. He's already stated that he does not feel .10—he has stated both arbitrary and he doesn't like it and would not follow it. This person does not know what evidence is going to appear in a case or not, neither does the Court.

[Defense counsel]: He can follow the law that's in this case. .10 is not in this case.

[Prosecutor]: You are violating the problem of giving information as to what the evidence will be to a person before he's a juror, which is improper.

[Defense counsel]: I'm not. He's going to read the indictment. You're going to read the indictment here in a minute.

The Court: I'm going to let [the prosecutor] continue with his questioning, but we need to get ...

[Prosecutor]: Yes, ma'am. Sir, my question. Here's the question: *You only have .10, could you follow the law in the State of Texas?*

[Prospective juror]: *I would have a problem with that.*

[Prosecutor]: Could you follow it? "Yes" or "no."

[Prospective juror]: I don't know. I really don't know.

[Defense counsel]: I don't have any questions.

The Court: You may step out.

[Prosecutor]: State would offer a challenge for cause based upon the decision.

The Court: Sustained.

[Defense counsel]: I respectfully, for the record, object to him being excused for the reason that he is stating that he could not find someone guilty based on a .10, and that is not even in this case. He has stated that he could—

The Court: Well, you know, I considered—you're correct that they've only charged normal use of mental and physical faculties and they've not charged .10, but theoretically they could introduce evidence of a blood or a breath test to show that there was alcohol in his body as part of their proof that he introduced alcohol into the body.

(Emphasis added.) As defense counsel noted in his objection, no chemical test was alleged in the information. Later trial testimony

demonstrated that there were no test results to introduce as evidence.[2]

Appellant presents two arguments why the .10 definition of alcohol concentration was not *law upon which the State was entitled to rely for conviction or punishment:* (1) the State had no good faith basis to expect that any alcohol concentration test had been performed where appellant had refused the tests offered by the police; and (2) the State did not plead in its charging instrument the .10 alcohol concentration definition of intoxication as a separate mode of committing the offense of driving while intoxicated.

### a. Lack of evidentiary basis

The State relies upon *Phillips v. State,* 701 S.W.2d 875 (Tex.Crim.App.1985), for the proposition that "[t]he State is not limited to challenges based on laws relating to the particular facts of the case on trial." In *Phillips,* even though the State's theory of the case was that the defendant was the triggerman, the prosecutor was allowed to rely on the law of parties to strike a venire member for cause who would not convict, or answer the special questions so that death would be assessed to, a non-triggerman. The court reasoned that it was quite feasible for the defense to assert that someone else pulled the trigger. *Id.* at 884.

While improbable, it is likewise possible that appellant might have introduced evidence of an alcohol concentration test in this case. The trial court properly observed that the State's pleading did not preclude the introduction of evidence of test results.

■ We conclude that the lack of an apparent evidentiary basis did not preclude the State from seeking to challenge for cause venire member six who would not follow the .10 alcohol concentration definition of intoxication.

### b. Lack of Pleading

The State does not address appellant's argument based on the State's failure to plead the .10 alcohol concentration definition of intoxication. Neither did the trial court explicitly consider it as a separate basis for preventing the State's challenge for cause.

■ There are many laws upon which a party is entitled to rely despite the fact that said laws are not alleged in the State's pleading. The law of parties, which was involved in *Phillips,* is an example. It is unnecessary for the State to specifically allege that an accused is being charged as a party. TEX.PENAL CODE ANN. § 7.01(c) (Vernon 1994); *Becker v. State,* 840 S.W.2d 743, 746 (Tex.App.—Houston [1st Dist.] 1992, no pet.). Of course, one would not expect law upon which a defendant might rely, either as a defense or in mitigation, to be alleged in the State's charging instrument. Moreover, with few exceptions,[3] a criminal defendant is entitled to rely solely upon evidence introduced during trial to raise legal issues.

■ Nevertheless, it is well settled that the State may not allege a particular mode of committing an offense and then convict a defendant for having committed a different mode of that offense. *See, e.g., Peoples v. State,* 548 S.W.2d 893, 895 (Tex.Crim.App. 1977) (finding fundamental error requiring reversal where the indictment alleged forgery *by passing,* but the jury charge authorized conviction for forgery *by making*).

■ The definition of intoxication involving alcohol concentration is a separate, independent mode of committing the offense of driving while intoxicated. *See Scherlie v. State,* 689 S.W.2d 294, 296 (Tex.App.—Houston [1st Dist.] 1985), *aff'd,* 715 S.W.2d 653 (Tex.Crim.App.1986). Here the State alleged intoxication by the loss of normal use of mental and physical faculties. The State was not entitled to convict or punish appel-

---

**2.** Defense counsel did elicit testimony, inadvertently, that the legal limit of intoxication in the state of Texas is a blood alcohol level of .10 or more when he asked Officer Muxworthy the legal definition of intoxication.

**3.** Instances where a defendant is required to file a written pleading to raise a legal issue include a special plea of double jeopardy pursuant to TEX. CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1989) and an application for probation pursuant to TEX.CODE CRIM.PROC.ANN. arts. 27.02(6) (Vernon 1989), 37.07, § 2(b) (Vernon Supp.1995).

lant for intoxication via the .10 alcohol concentration definition.

The error in this case lies in failing to realize that the statutory definition of alcohol concentration was not *law upon which the State was entitled to rely for conviction or punishment.* Where the State had not alleged the alcohol concentration definition in the information, it could not rely upon that definition as *law,* even if evidence of an alcohol concentration test had been introduced.

We hold that where the State pleads one mode of committing the offense of driving while intoxicated, it is not entitled to rely on another, non-alleged, mode of committing the same offense as *law* upon which to base a challenge for cause pursuant to TEX.CODE CRIM.PROC.ANN. art. 35.16(b)(3) (Vernon Supp.1995). Appellant has demonstrated that the trial court applied the wrong standard in sustaining the State's challenge for cause.

### c. Harm

■ Although the parties do not mention harm, it is necessary for us to reverse a judgment of the court below, unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or punishment. TEX.R.APP.P. 81(b)(2). The record reflects that the State exercised all three of its peremptory strikes.[4] Because the effect of the error was to give the State an extra peremptory strike, it was not harmless. *See Bell v. State,* 724 S.W.2d 780, 795 (Tex.Crim.App.1986).

We sustain appellant's fourth point of error. Therefore, it is unnecessary to address points one through three.

### Conclusion

We reverse appellant's conviction and remand for a new trial.

---

**4.** The State and the defendant are each entitled to three peremptory challenges in a misdemeanor tried to the county court. TEX.CODE CRIM.PROC.

ANN. art. 35.15(c) (Vernon 1989). Such is the case here.