Opinion issued December 18, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00554-CR




 LESCINTHIA DENEANE BUSBY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 9th District Court
 Waller County, Texas
Trial Court Cause No. 01-06-10,674




MEMORANDUM OPINION

          A jury found appellant, Lescinthia Deneane Busby, guilty of delivery of
cocaine weighing between one gram and four grams. See Tex. Health & Safety
Code Ann. § 481.112(c) (Vernon Supp. 2004). The jury assessed punishment at five
years in prison. We determine whether (1) the trial court erred in denying appellant’s
applications for deposition without a hearing, (2) appellant was denied due process
by the State’s alleged withholding of evidence, and (3) appellant was entitled to a
finding of entrapment as a matter of law. We affirm.
Background
          On October 15, 1999, three undercover investigators from the Westside
Narcotics Task Force approached appellant’s home after there was a complaint of
drug trafficking in the area. Investigator Steve Duong knocked on appellant’s door
and told her that he and the other investigators wanted to buy cocaine. Appellant
stated that she did not have any cocaine, but that she would call her cousin to get
some. Appellant’s cousin then delivered cocaine to the officers in exchange for cash. 
Following that day, Investigator Duong and his partner, Investigator Mike Hutto,
visited appellant’s home on several occasions. Investigator Duong also attempted to
establish a rapport with appellant by driving her to the store to get cigarettes or to get
liquor. On November 9, 1999, Investigator Duong and Investigator Hutto visited
appellant’s home and asked her if they could purchase cocaine. Appellant replied that
she could get it if they would give her a ride. The investigators then drove appellant
as she directed them to a house that was known for drug activity. Investigator Duong
and Investigator Hutto each gave appellant $100, and she went into the house and
returned five to 10 minutes later with cocaine. The investigators and appellant then
returned to appellant’s house. Appellant produced three bags of cocaine powder and
divided one bag in half. She gave one and one-half bags of cocaine to Investigator
Duong and the other one and one-half bags to Investigator Hutto. Appellant was
arrested for this offense on August 8, 2001.
Denial of Applications for Depositions
          In her second point of error, appellant argues that the trial court erred in
denying, without a hearing, her pretrial applications for depositions. Appellant relies
on Texas Code of Criminal Procedure article 39.02 as the basis for her argument that
the trial court was required to hold a hearing on her applications. See Tex. Code
Crim. Proc. Ann. art 39.02 (Vernon 2003).
          Under article 39.02, a defendant may take the deposition of a witness when
“good reason” is shown. See Cooks v. State, 844 S.W.2d 697, 729 (Tex. Crim. App.
1992); see also Tex. Code Crim. Proc. Ann. art 39.02. The trial court has broad
discretion in ruling on an application to take a deposition. Cooks, 844 S.W.2d at 729. 
If the application for deposition is denied, the defendant must show that she was
harmed in order to establish an abuse of discretion. May v. State, 738 S.W.2d 261,
273 (Tex. Crim. App. 1987). 
 
          Both the State and appellant assert in their briefs that the trial court ordered that
pre-trial motions be filed by February 11, 2002 and that a hearing on the motions be
held on February 18, 2002. We note that the State and appellant signed an agreement
requiring those deadlines, but that the trial court did not sign the agreement. 
However, because appellant admits on appeal that she was required to file any
applications for depositions by February 11, 2002, and because she considered this
agreement to have been the equivalent of a court-ordered deadline, we, too, consider
that she was required to meet that deadline.
          Appellant claims that she complied with the trial court’s order by filing her
applications for depositions by February 11. However, the district clerk’s office file-stamped the applications on February 18, and the accompanying affidavit of
appellant’s counsel was also dated February 18. Code of Criminal Procedure article
28.01 states that, when a criminal case is set for a pre-trial hearing, any preliminary
matters not filed seven days before the hearing cannot be filed without the court’s
permission given for good cause shown. See Tex. Code Crim. Proc. Ann. art.
28.01, § 2 (Vernon Supp. 2004). Article 28.01 includes discovery as such a
preliminary matter. See id. § 1(8) (Vernon Supp. 2004). Because appellant did not
timely file her applications for depositions, we hold that the trial court did not abuse
its discretion in denying the applications. 
          We overrule appellant’s second point of error.State’s Alleged Withholding of Evidence



          In her first point of error, appellant argues that the State completely closed its
files to her by (1) refusing to give her a means to interview the officers who testified
at trial; (2) refusing to give names of witnesses other than those who would testify at
trial; and (3) failing to provide basic information concerning when the offense
occurred, who initiated the contact, and how the offense was completed.
          Appellant was necessarily aware of the allegedly withheld evidence prior to
trial, but failed to object or to request a continuance on that ground. Accordingly, the
appellant either waived any error regarding withheld evidence or did not show that
the error prejudiced her. See Tex. R. App. P. 33.1(a)(1); cf. Apolinar v. State, 106
S.W.3d 407, 421 (Tex. App.—Houston [1st Dist.] 2003, pet. granted) (holding that,
when withheld evidence is disclosed at trial, error is waived if defendant does not
request continuance or show that delay was prejudicial); Williams v. State, 995
S.W.2d 754, 762 (Tex. App.—San Antonio, 1999, no pet.) (holding that failure to
object or to request continuance constitutes error when withheld evidence is 
disclosed at trial). 
            We overrule point of error one. 
Entrapment
          In her third point of error, appellant contends that entrapment was proved as
a matter of law. 
          Entrapment is a defense. See Becker v. State, 840 S.W.2d 743, 746 (Tex.
App.—Houston [1st Dist.] 1992, no pet.); see also Tex. Pen. Code Ann. § 8.06(a)
(Vernon Supp. 2004). A review of the jury’s rejection of an entrapment defense
centers on the legal sufficiency of the evidence. See Flores v. State, 84 S.W.3d 675,
681 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The Court views the evidence
in the light most favorable to the prosecution to determine whether “any rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt and also could have found against the defendant on the issue of [the] defense
beyond a reasonable doubt.” Id. 
          Here, appellant admitted at trial that she took money from the officers and 
delivered drugs to them on the date alleged. This testimony was legally sufficient to
support the elements of the crime. See Tex. Health & Safety Code Ann. §
481.112(c) (Vernon Supp. 2004). As a result, we must determine only the legal
sufficiency of the evidence to support the jury’s implicit finding that appellant was
not entrapped. See Flores, 84 S.W.3d at 681.
          Texas Penal Code section 8.06 provides that the entrapment defense applies
when “the actor engaged in the conduct charged because he was induced to do so by
a law enforcement agent using persuasion or other means likely to cause persons to
commit the offense. Conduct merely affording a person an opportunity to commit an
offense does not constitute entrapment.” Tex. Pen. Code Ann. § 8.06(a). Because
entrapment is a defense to prosecution, not an affirmative defense, the defendant has
the burden of producing evidence to raise the defense, but the State has the burden
of persuasion to disprove the defense. See Becker, 840 S.W.2d at 746.
          To raise the entrapment defense, appellant had to produce evidence that (1) she
was actually induced to commit the offense and (2) the inducement would have
caused an ordinarily law-abiding person of average resistance nevertheless to commit
the offense. See England v. State, 887 S.W.2d 902, 913-14 (Tex. Crim. App. 1994). 
To pass the first prong of the test, the defendant must show that, because of police
persuasion, she was induced to act. Flores, 84 S.W.3d at 682. The second prong is
an objective test requiring a showing of prohibited police conduct including, but not
limited to, extreme pleas of desperate illness in drug cases; appeals based on
sympathy, pity, or close personal friendship; offers of inordinate sums of money; and
other methods of persuasion that are likely to cause an otherwise unwilling person to
commit a crime. See Sebesta v. State, 783 S.W.2d 811, 814 (Tex. App.—Houston
[1st Dist.] 1990, pet. ref’d). 
          Appellant first focuses her argument on the factual similarities between her
case and Soto v. State.


 Although the Austin Court of Appeals found that the
defendant in Soto was entrapped, the Court of Criminal Appeals subsequently
reversed that decision on the same ground. See Soto v. State, 681 S.W.2d 602 (Tex.
Crim. App. 1984). Thus, the Soto decision does not avail appellant.
          Appellant next argues that she helped the officers get cocaine because they
continued to come to her house and because “they would not take ‘no’ for an answer.” 
Appellant asserts that she gave in to the officer’s requests to get cocaine for them
only because they visited her home repeatedly and because she thought that they were
her friends. However, appellant also testified that she called her cousin to come over
to deliver drugs to the officers on the first day that they came to her house. 
Additionally, appellant testified that the officers never pressured her to sell them any
drugs. Any inconsistencies in the testimony must be resolved in favor of the
factfinder’s determination. See Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim.
App. 1992). Under these circumstances, a rational trier of fact could have concluded
beyond a reasonable doubt that appellant was not induced to deliver cocaine to the
officers based on any prohibited police conduct. We thus hold that appellant was not
entrapped as a matter of law.
          We overrule appellant’s third point of error.Conclusion
We affirm the judgment of the trial court.



                                                                        Tim Taft
     Justice

Panel consists of Justices Taft, Nuchia, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).