Opinion issued January 12, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00105-CR

———————————

Aekyun Sin, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Court at Law No. 1

Harris County, Texas



Trial Court Case No. 1677151

 



 

MEMORANDUM OPINION

          Aekyun Sin appeals from her conviction for the misdemeanor
offense of prostitution, for which she was sentenced to ten days’ confinement
in county jail.[1]
In a single issue, she contends the trial court reversibly erred by refusing
her request for a jury instruction on the defense of entrapment. We affirm the
trial court’s judgment.

Background

          The
State charged Sin by information with the misdemeanor offense of engaging in
prostitution by agreeing to engage in sexual intercourse. Sin pled not guilty,
and the case was tried to a jury.

          Officer
D. Miller of the Houston Police Department Vice
Division testified that he and Officer J. Patterson began investigating the
“Fabulous Spa” after they observed an advertisement for the spa from an online
Houston newspaper, “Backpage,” in the “body rub”
section. Officer Miller testified that the advertisement pictured scantily clad
women and that “Backpage” is “well known for a place
for prostitutes to advertise.” Officer Miller set up an appointment at the spa
for himself and Officer Patterson. 

When Officers Miller and Patterson
arrived at the spa, they rang the doorbell and an Asian woman in a negligee
opened the door. The officers requested a massage and were led into a hallway
behind a steel door. There, Officer Miller was met by Sin, who was wearing a
red negligee that had a “length that just covered her private area.” The
negligee was see-through, and Officer Miller could see that Sin had on a
“g-string” under the negligee and was not wearing a bra.

Sin led Officer Miller to a massage
room, where she asked him for $60, which she said would cover a body rub,
sauna, and table shower. Officer Miller asked for the table shower last “[b]ecause in my past experience, while you are in the table
shower, they go through your clothing, looking for your I.D.” He paid Sin $60,
and she left the room while he disrobed. Officer Miller admitted that he
disrobed of his own volition, covering himself with a towel and laying on his
stomach on the massage table. When Sin returned to the room, she rubbed Officer
Miller’s back for approximately five minutes, then
asked him to turn over. He turned over, and she asked him if he would tip her.
He responded affirmatively, and she asked him if he wanted “full service.”
Officer Miller testified that in his training and experience, “full service”
meant sexual intercourse. Officer Miller agreed to the full service, at which
time Sin informed him that full service cost $200 and “[s]ex with the mouth”
cost $140. Officer Miller testified that Sin gestured to demonstrate sex with
the mouth, repeating those gestures for the jury, and
that in his training and experience, these gestures simulated oral sex. Officer
Miller asked Sin specifically if full service meant sex, to which she
responded, “yes,” and if he could get “a blow job and sex for $200,” to which
she also responded, “yes.” Officer Miller identified himself as a police
officer and placed Sin under arrest.

On cross-examination, Officer
Miller stated that he did not see any condoms or sex toys in the room. During
his testimony, the jury also heard an audio recording of Officer Miller’s conversation
with Sin. The jury convicted Sin of the misdemeanor offense of engaging in
prostitution and assessed a punishment of confinement for ten days in county
jail. Sin appealed.

Entrapment Instruction

In her sole issue, Sin contends that the trial court erred
by disregarding her request for a jury instruction on entrapment because the
evidence raised the defense. The State responds that the defense of entrapment
was not available because there was no evidence that Sin, subjectively, was
induced to engage in prostitution by Officer Miller or that a person,
objectively, would have been induced to engage in prostitution by Officer
Miller’s conduct.[2] 

Under section 8.06 of the Texas Penal Code, Sin could invoke
the defense of entrapment if she “engaged in [prostitution] because [s]he was
induced to do so by a law enforcement agent using persuasion or other means
likely to cause persons to commit the offense.” Tex. Penal Code Ann. § 8.06(a) (West 2011). But “[c]onduct
merely affording a person an opportunity to commit an offense does not
constitute entrapment.” Id. Sin’s
entrapment defense has four elements: (1) she engaged in prostitution; (2) she
was induced to do so by Officer Miller; (3) Officer Miller used persuasion or
other means to induce her to engage in prostitution; and (4) Officer Miller’s
persuasion or other means were likely to cause persons to commit the offense of
prostitution. See Hernandez v. State,
161 S.W.3d 491, 497–98 (Tex. Crim. App. 2005). Sin was
entitled to submit this defense to the jury if she produced evidence sufficient
to make a prima facie showing of each
of these elements.[3] Id.; see
also Tex. Penal
Code Ann. § 2.03(c) (West 2011).


While the second element of entrapment is a subjective
standard, the fourth element is objective. Hernandez,
161 S.W.3d at 497 & n.11 (citing England v. State, 887 S.W.2d 902, 913–14 (Tex. Crim. App.
1994)). The subjective element requires evidence that “the accused himself was
actually induced to commit the charged offense by the persuasiveness of the
police conduct.” Id. (quoting England, 887 S.W.2d at
913 n.10). Once subjective inducement has been demonstrated, the issue
becomes whether the persuasion was such as to cause an ordinarily law-abiding
person of average resistance nevertheless to commit the offense. Id. Prohibited
police conduct can include pleas based on extreme need, sympathy, pity, or
close personal friendship; offers of inordinate sums of money; and other
methods of persuasion that are likely to cause the otherwise unwilling person—rather
than the ready, willing and anxious person—to commit an offense. Id.

Sin did not make a prima facie showing
of either the subjective or objective elements of entrapment—i.e., she did not produce evidence that Officer
Miller’s conduct actually persuaded her to offer him sexual intercourse in
exchange for money or that his conduct would have persuaded an ordinarily
law-abiding person of average resistance to do so. Sin admits that she raised
the issue of “full service,” but points out that it was Officer Miller who
asked if that meant sexual intercourse. But there is no evidence that Officer
Miller induced her to respond “yes” to this question. And according to the
testimony, Sin offered “sex with mouth” for $140 before Officer Miller asked
any question. Sin also points out that Officer Miller disrobed and covered
himself with a towel without prompting from Sin, but there is no evidence that
this is not a common practice in massage parlors generally or that this was not
a common practice in Sin’s own experience. Nor is there evidence that this
action made Sin feel compelled to offer Officer Miller sexual intercourse in
exchange for monetary payment. There is also no evidence that Officer Miller
pled with Sin to engage in prostitution based on extreme need, sympathy, pity,
or close personal friendship or otherwise engaged in methods of persuasion
likely to cause an otherwise unwilling person to commit an offense. See Hernandez, 161 S.W.3d at 497 & n.11; England, 887 S.W.2d at 914. While there is evidence that
Officer Miller agreed to pay Sin money, this is an element of the offense, and
the amount was not inordinate and was set by Sin rather than Officer Miller. Cf. Hernandez, 161 S.W.3d at 497 & n.11; England, 887 S.W.2d at 914.

We overrule Sin’s sole issue.

Conclusion

We affirm
the trial court’s judgment.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]           See
Tex. Penal Code
Ann. § 43.02 (West 2011).

 





[2]           The State does not challenge Sin’s
contention that she properly preserved error on her charge request.

 





[3]
          Because entrapment is a defense
to prosecution, rather than an affirmative defense, Sin has the burden of
production but not the burden of persuasion. See Hernandez, 161 S.W.3d at 498; Becker v. State, 840 S.W.2d 743, 746 (Tex. App.—Houston [1st
Dist.] 1992, no pet.).