**William Nathanial MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00080–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.
Discretionary Review Refused April 14, 1982.

Michael B. Hunter, James B. Parks, Jr., San Antonio, for appellant.

Bill M. White, Dist. Atty., Douglas V. McNeel, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

OPINION

BUTTS, Justice.

Appeal is taken from conviction for possession of a controlled substance, to-wit: lysergic acid diethylamide. The court found appellant guilty and assessed punishment, enhanced by two prior convictions, at imprisonment for life.

In his third ground of error appellant challenges the sufficiency of the evidence to sustain the conviction. We agree with this contention and, consequently, do not address the other four grounds of error, which question the legality of appellant's arrest and search, the State's refusal to disclose the identity of the informant, and the admission of certain business records.

The record discloses that on January 26, 1978, shortly after officer Ybarra reported to work in the narcotics division of the San Antonio Police Department at 3:00 p. m., he was given information by telephone. He talked with an undisclosed informant. At trial, the information was characterized as follows:

DEFENSE COUNSEL: Q: What exactly was the information they gave you in the afternoon?

OFFICER YBARRA: A: That a black male approximately 30 years of age being from anywhere from five six to five nine in height weighing approximately 135 pounds, wearing a brown cap, a brown coat and blue jeans was in a car—who was in a car that was a '72 Mazda, white in color and with plates ELZ 745, I think, and that the black male was at that location selling baggies of marihuana and that the black male put the marihuana in the trunk.

The informant told Ybarra the appellant was at the Exxon station located on Zarzamora and Culebra in San Antonio.

Officer Ybarra and his partner, officer Ronald Dawson, went to appellant's apartment the same afternoon, based upon a telephone tip from the same informant. However, no action was taken at the apartment, other than obtaining appellant's name, because no one was in the apartment. Officer Ybarra disclaimed any knowledge of appellant's identity at that time, stating that the information he received concerned only narcotics activities at the apartment.

He testified that he was not aware that the subjects of the two tips were the same. He did not know it was the appellant who lived there. No arrest or search warrant was obtained at that time.

At approximately 10:00 p. m. on January 26, 1978, while at the Pig Stand on Broadway having coffee with his partner and two other officers, Ybarra telephoned the same informant. The officer testified that he was then given a similar description of the "black male" and that he was at the same Exxon station, the informant adding that the suspect was about to leave.[1]

The four officers immediately drove to the Exxon station. There they observed a black male, the appellant, who met exactly the description furnished the officer, walking toward the driver's side of a white 1972 Mazda which was parked near a telephone booth. He carried some keys in his hand. He did not walk faster, nor run, nor attempt to escape when he saw the officers. Officer Ybarra then positioned the appellant with his hands on the hood of the police car and told him he was under arrest for possession of marihuana. Officer Dawson took the car keys from appellant and unlocked the driver's side of the Mazda. He searched the interior, discovering a bottle wrapped in a yellow cloth on the console. Inside the bottle were "purple pills," lysergic acid diethylamide. Then the trunk was opened, disclosing five baggies of marihuana.

■■ The information given to the officer by the confidential informant is hearsay. *Payne v. State*, 480 S.W.2d 732, 733 (Tex.Cr.App.1972). Hearsay information, although it may be used to establish probable cause to search or arrest, is without probative value in this case and cannot be considered in determining the sufficiency of the evidence to support a conviction.

1. Tex.Code Crim.Pro.Ann. art. 14.04 (Vernon 1977):

Where it is shown by satisfactory proof to a peace officer, upon representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without a warrant, pursue and arrest the accused.

*Payne v. State, supra,* at 733 (omitting citations).[2]

The remaining evidence shows that officer Ybarra knew that a person named William Miller lived at the apartment he visited that same afternoon, but he did not know that the "black male" was, in fact, William Miller. The officers observed a black male, appellant, walking toward a parked Mazda at the Exxon station. The appellant continued walking at the same pace. He had some keys in his hand. The keys unlocked the Mazda. Contraband was discovered inside the Mazda on the console and in the trunk. Appellant had no contraband on his person when arrested.

■ To establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Ayers v. State,* 570 S.W.2d 926, 928 (Tex.Cr. App.1978).

■ The State argues the fact that appellant was observed within a few feet of the Mazda, walking toward it, with the keys that fit it in his hand, established that appellant had exclusive possession of the automobile and its contents. We do not agree. There must be additional independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. *Ayers v. State, supra,* at 928.

2. The State questioned officer Ybarra to establish appellant's ownership of the car:

Q: Did you have an opportunity to run a registration on that car at that time?
A: No, sir, not that particular day, no.
Q: Why not at that period of the day?
A: I was not in my office, but later on after we came in we did run a registration on the car and it came back to the suspect we had arrested.
Q: And who is that suspect?
A: William Miller.

Appellant did not testify in the instant case. In *Cherb v. State,* 472 S.W.2d 273, 279 (Tex.Cr. App.1971), the court stated the Texas rule which the reviewing court applies when testing the sufficiency of the evidence:

We cannot say, as does the State, that the accused here was linked to the contraband by evidence showing that he had sole access to the place where the contraband was found. The defendant in *McGaskey v. State,* 451 S.W.2d 486 (Tex.Cr.App.1970), on which the State relies, clearly had sole access to the glove compartment of the automobile, where contraband was located, since he was alone and sitting behind the steering wheel. In the instant case the car was parked at a service station and locked. The record is silent as to whether the station was open or closed, whether there were other keys to the car thereabout, whether there were other persons present or whether appellant was alone at the station, whether appellant was seen driving the car, or whether appellant had parked the car and, if so, when. Further, appellant was not shown to be under the influence of drugs or narcotics. Nor was it shown that appellant knew of the contraband in the Mazda. There was no incriminating statement at the time of arrest. "Possession means more than being where the action is; it involves exercise of dominion and control over the thing allegedly possessed." *Payne v. State, supra,* at 734. We conclude that appellant's presence at the service station, which was not shown to be closed to the public, a short distance from the car, with keys to the car in his hand, is insufficient, standing alone, to affirmatively link him to the contraband which was seized from the car.

" * * * even among the statements admitted as true, this Court will not consider those which were hearsay. This type of hearsay is without probative value and cannot be considered in determining the sufficiency of the evidence even if admitted without objection." [Citations omitted.]

Had the State put on documentary evidence that appellant owned the car, so as to come within Tex.Rev.Civ.Stat.Ann. art. 3731a (Vernon Supp. 1980–1981), such evidence would have been competent. Here, however, the hearsay testimony to that effect, recited above, is not competent for the reasons stated.

Having found that reversal must result in the instant case since we concluded that the evidence is insufficient to support the conviction, the Supreme Court's decisions in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), dictate that no further prosecution be had in this cause.

The judgment of conviction is reversed and is reformed to show an acquittal.