**Vincent Koning HOSS, aka V.K. Hoss, aka Murphy L. Fouts, aka M.L. Fouts, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–86–264–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 23, 1987.

William Johnson, Charles R. Young, Houston, Lloyd M. Lunsford, South Houston, for appellant.

John B. Holmes, Jr., Cathleen Herasimchuk, Robert K. Loper, Houston, for appellee.

Before JUNELL, SEARS, and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Vincent K. Hoss appeals a conviction for possession with intent to deliver cocaine. A jury found him guilty and assessed punishment at fifty-five years incarceration and a $250,000 fine.

Appellant brings twenty-six points of error, including a point in which he challenges the sufficiency of the evidence. Because we find the evidence is not sufficient to sustain appellant's conviction, we need not address the additional points of error. We reverse the judgment.

Sergeant William Elsberry of the Houston Police Department's "fence detail" testified that he had been involved in an investigation of appellant for several months. On April 26, 1984, Elsberry executed a search warrant at 5422 West Bellfort (5422), a townhome he believed was appellant's residence. Appellant was not present at the location; a woman named Connie Phillips who lived there with her children was arrested at the townhome and charged with drug possession after cocaine was discovered in a kitchen cabinet. Also seized from the townhome were numerous suspected stolen items. The police looked for appellant at a townhome next door at 5420 West Bellfort (5420). Elsberry testified this townhome was also owned by appellant as were all the townhomes located in the block. The townhome at 5420 looked as if it were vacant. Using a flashlight to look through a window, Elsberry saw items such as hot water heaters, televisions, stereos, a microwave oven, etc., stacked up in the middle of a small living area. No other furniture or usual household items in use were in view. Appellant was not seen at the townhome at 5420 West Bellfort.

On the following day, April 27, 1984, Elsberry obtained a search warrant for 5420 and searched the townhome. No one was present at this townhome when the police conducted the search. During the search Officer Evans noticed a hole in the ceiling and saw a pistol "rug"[1] protruding from the hole. When he looked into the hole Evans saw more handguns and a woman's purse which contained several gemstones. Officer Shelton, who inventoried the items seized, testified that inside the purse he found an opal with the word "Hoss" handwritten on paper on the back of the stone.

Officer Evans continued to search the townhome and noticed that the air conditioning vent in the hallway was loose, there were no screws holding it in place and the

1. A pistol rug is a zippered pouch in which a handgun is kept.

paint line was cracked. Evans opened the vent and found a large plastic bag containing three smaller bags with a white powder inside he believed to be a controlled substance. A Houston Police Department chemist testified the powder was cocaine. Testing for fingerprints was not performed on the vent, and no identifiable prints were found on the bags of cocaine.

Until January or February of 1984, appellant had rented the townhome at 5420 West Bellfort to Kindress Israel who operated a winery business from the property. Israel testified that appellant told him he would have to leave 5420 because appellant was going to knock a hole between 5420 and 5422 and move into 5420. Israel stated he changed the air conditioning filter every month and never saw anything hidden behind the vent. He testified the townhomes were managed by "Queen", a blond-haired woman who gave Israel the 5420 townhome keys when he moved in. When he left the location early in 1984, he left the keys in the townhome. Israel testified that in addition to appellant, other people lived next door in the 5422 townhome and that as many as six other businesses were located in the townhome complex.

James Von Sherman testified that he did occasional carpentry work for appellant at the complex. He stated that when he needed inside a townhome to do his work, he would get a key from appellant, or Connie Phillips at 5422, or from a man named Woody, or from a maintenance man named Johnny who lived in a Winnebago at the complex. Von Sherman did some carpentry work and painted the inside of 5420 after Israel moved out. He stated he sometimes left the townhome door open for the paint to dry, knowing the maintenance man would lock up.

Johnny Jones, a defense witness, testified he did tile work for appellant in the townhome at 5420 after Von Sherman completed his carpentry work and painting.

Deborah Gail Rollins testified appellant was her landlord and identified 5422 as the townhome in which appellant lived during April of 1984. Rollins paid rent at times to a woman named Goodwin, or a man named

Woody as well as to appellant. Rollins testified that as of April 27, 1984, she had not seen appellant for three to five days.

The standard for judging a sufficiency question is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Texas has adopted this standard for both direct and circumstantial evidence cases. *Chambers v. State*, 711 S.W.2d 240, 245 (Tex. Crim.App.1986). This case is one of circumstantial evidence. A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis but that of the guilt of appellant. *Johnson v. State*, 673 S.W.2d 190 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on rehearing).

In an unlawful possession of a controlled substance case, the State must prove (1) that the accused exercised care, custody, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Cude v. State*, 716 S.W.2d 46 (Tex.Crim. App.1986); *Sinor v. State*, 612 S.W.2d 591 (Tex.Crim.App.1981). Control does not have to be exclusive and can be jointly exercised with others. Where an accused is not in exclusive possession of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband. Absent these additional independent facts and circumstances affirmatively linking the accused to the contraband, it cannot be concluded the accused had knowledge of or control over the contraband. *Cude, supra* at 47; *Flores v. State*, 650 S.W.2d 429, 430 (Tex.Crim.App.1983); *Caldwell v. State*, 686 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1985, no pet.). This additional evidence can be circumstantial as long as the evidence excludes every other reasonable hypothesis except that of the guilt of the accused. *Gutierrez v. State*, 628 S.W.2d 57, 60 (Tex.Crim.App.1980). Proof amounting to a strong suspicion is insufficient. *Johnson, supra.* The State must

provide the trier of fact with probative evidence that establishes appellant's guilt to a moral certainty so as to exclude all reasonable doubt to support the conviction. *Jackson v. State,* 676 S.W.2d 601 (Tex.App. —Houston [14th Dist.] 1983, *reversed on other grounds,* 672 S.W.2d 801 (Tex.Crim. App.1984).

Various facts and circumstances can establish the requisite affirmative link between the accused and the contraband. While every circumstantial evidence case must be judged by its own facts, the presence or absence of these various factors often determines whether the requisite link is sufficient. *McGuill v. State,* 704 S.W.2d 46, 49 (Tex.App.—Corpus Christi 1985, pet. ref'd). As stated in *McGuill, supra:*

> The link is often found to be sufficient if the accused was under the influence of the contraband, made an attempt to flee, acted suspiciously, or was located in a place where the contraband was readily accessible. Likewise, the link is usually sufficient if the contraband was found in plain view, on the accused, or in areas "private" to the accused. Whether the contraband omits a strong odor has also been a factor. (citations omitted) While the cases indicate these factors *alone* will not support a finding of the affirmative link, the circumstantial case invariably becomes legally sufficient when these factors appear in concert.

■ The State's theory in support of appellant's conviction was that appellant owned the townhome where the cocaine was found and "there is no other reasonable hypothesis to account for the presence of $430,000 worth of cocaine behind the air conditioning vent of 5420 except that the appellant put it there."

While there may be sufficient evidence for the jury to have concluded appellant owned the townhome, we find the requisite link between the *contraband* and appellant is absent. The State's evidence is legally insufficient to prove the elements of the offense beyond a reasonable doubt.

In its brief the State sets out the following as "evidence of affirmative links":

(1) An opal with the name "H–O–S–S–" handwritten on the back was in a purse found by Officer Evans hidden behind a ceiling tile in 5420;

(2) It was immediately after finding this secret cache of pistols and stolen property, that Officer Evans' suspicions were aroused by the odd appearance of the vent;

(3) Various items of stolen property belonging to two separate victims were found in each of 5422 and 5420 ...;

(4) Cocaine in plastic bags was found in the upper kitchen cabinet of 5422 on April 26, 1984;

(5) Cocaine in plastic bags was found behind the air conditioning vent of 5420 on April 27, 1984.

The State maintains these affirmative links, when viewed in the light most favorable to the prosecution, were sufficient to connect appellant to the cocaine found in 5420. We disagree. While the evidence may not be above suspicion when viewed in this light, we cannot conclude this evidence sufficient to affirmatively link appellant to the contraband found behind the vent in 5420.

At best, the State has only established a nexus between appellant and the townhome, to which several others had access prior to the cocaine's seizure. While appellant, as owner, may have had control of the townhome, this control is not synonymous with control of the contraband when appellant did not have sole access to the townhome. *McCreight v. State,* 720 S.W.2d 582, 586 (Tex.App.—San Antonio 1986, no pet.). *See Miller v. State,* 627 S.W.2d 235, 237 (Tex.App.—San Antonio 1981, pet. ref'd). Even if appellant had been present at the time of the search, or had been shown to be residing at 5420, proof of mere presence or residence does not, in itself, justify a finding of possession. *See Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Crim. App.1981). While the evidence may suggest appellant's guilt, the proof in this case amounts to no more than a mere probability or strong suspicion and is insufficient to prove beyond a reasonable doubt that appellant possessed the cocaine in question.

*Rodriquez v. State,* 635 S.W.2d 552, 554 (Tex.Crim.App.1982).

Appellant's point of error is sustained and we reverse the judgment. When this court finds the evidence insufficient to sustain a conviction, the constitutional guarantee against double jeopardy precludes further prosecution of the cause. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Rodriquez, supra.*

The judgment is reversed and a judgment of acquittal is rendered.