Marshall SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00187–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 3, 1990.

Kenneth P. Mingledorff, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Roger A. Haseman and Kimbra Ogg, Asst. Harris Co. Dist. Atty., for appellee.

Before WARREN, COHEN and DUNN, JJ.

OPINION

COHEN, Justice.

A jury found appellant guilty of the unauthorized use of a motor vehicle, and after finding two enhancement allegations to be

true, assessed punishment at 75 years imprisonment.

Appellant contends the evidence is insufficient to prove he "operated" the vehicle, as required by TEX.PENAL CODE ANN. section 31.07(a) (Vernon 1974). The only evidence that appellant operated the vehicle came from his neighbor, Ms. Eppes, who testified positively that she saw him drive the car one time only, on October 28, 1988, at 4:30 to 5:00 p.m. Ms. Eppes was positive about that date and time of day, and that this was the only time she saw appellant operate the vehicle. Her testimony irreconcilably conflicted with that of Houston Police Officer Garza. Garza testified that he found the car parked on the street before noon on October 28, in inoperable condition, and later had it towed away. He testified that he stayed with the car until it was towed away, and he never saw appellant drive it. Garza's testimony, if believed, establishes that the car was in police custody between 4:30 and 5:00 p.m. on October 28, the one and only time that Ms. Eppes claims to have seen appellant operate it. Appellant contends that no rational jury could have found him guilty beyond a reasonable doubt because Officer Garza's testimony, plus documents showing the car was towed on October 28, conclusively proved that Ms. Eppes was incorrect and that it was impossible for him to have driven at that time.

We agree that the jury had to believe Ms. Eppes in order to convict appellant because her testimony was the only evidence, from any source, that appellant ever operated the vehicle. We also agree that her testimony was irreconcilable with Officer Garza's, and that if the jury believed Officer Garza, its only alternative was to acquit. We nevertheless reject appellant's conclusion that an acquittal must result because the testimony of these two State's witnesses is irreconcilable.

The jury may believe all, part, or none of any witness' testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.), *cert. denied,* — U.S. ——, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). In this case, the jury was free to believe the testimony of Ms. Eppes and to disbelieve the conflicting testimony of Officer Garza. The law does not require a jury automatically to believe the testimony of a police officer, even when it is uncontradicted. Moreover, the law does not require that all State's witnesses testify consistently, or even that all the State's evidence support the State's theory of the case. The law only requires that a rational trier of fact, viewing the evidence most favorably to the verdict, could have found the elements of the crime beyond a reasonable doubt. This case presents the unusual situation where, in order to convict, the jury had to disregard a police officer's testimony. We hold that the jury had the power to do that and that the remainder of the evidence proved the essential elements of the crime.

Although we have found the evidence was sufficient, we reject the State's contention that the jury could have believed Officer Garza and believed all of Ms. Eppes' testimony, except that concerning the date of October 28. The State suggests that the jury could have still found appellant guilty upon finding that Ms. Eppes actually saw appellant drive on some day before October 28. We decline to hold that the jury can find a crime occurred on some date that was not only proved, but was positively and consistently denied by the only witness on the subject. Although the State alleged the crime occurred "on or about October 28," it wholly failed to prove that it occurred on any date other than October 28. Having alleged "on or about," the State could have proved an earlier date, but when it failed to do so, the jury was not at liberty to make one up.

Point of error one is overruled.

Appellant next contends that the prosecutor's jury argument denied him a fair trial because the prosecutor vouched for the truth of Ms. Eppes' "false" testimony. We note that it has not been shown that Ms. Eppes' testimony was false. In addition, appellant did not object on this basis during trial. He objected then that the arguments were outside the record. When the complaint on appeal is different from the objection during trial, nothing is

presented for review. *Buxton v. State,* 699 S.W.2d 212, 217 (Tex.Crim.App.1985), *cert. denied,* 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556 (1986).

Points of error two and three are overruled.

The judgment is affirmed.