**Phyllis Ruth BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00370–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 29, 1998.

Discretionary Review Refused
Sept. 16, 1998.

Mary E. Conn, Houston, for Appellant.

John B. Holmes, Dan McCrory, Houston, for Appellee.

Before MIRABAL, O'CONNOR, and NUCHIA, JJ.

## OPINION

NUCHIA, Justice.

Appellant, Phyllis Ruth Bryant, was convicted by a jury of possession of cocaine, and punishment was assessed by the trial court at 25-years confinement. She appeals on four points of error. We affirm.

## Facts

Officer Craig Full of the Houston Police Department received information that crack cocaine was being sold from the house at 4505 Knoxville in Houston, Texas. On December 14, 1994, Officer Full directed the informant in a controlled purchase of cocaine from a black male in the house at 4505 Knoxville and then obtained a search warrant for the house. On December 15, 1994, the Houston Police Department executed the search warrant at 4505 Knoxville. On arrival, the police detained appellant, Eddie Lane and another person, who were standing in front of the house. The police entered the house, where they found four other persons and three and a half grams of marihuana in the den. In the southeast bedroom, the officers found women's clothing and on one of two dressers, appellant's Texas identification card. The identification card showed appellant's address to be 4505 Knoxville. On top of the other dresser, the police found in plain view, 17 grams of cocaine in chunk form as well as 18 grams of cocaine in a glass jar of water, apparently in a stage of the process of being made into crack cocaine. After appellant was read her rights, she said she lived in the house and shared the southeast bedroom with Eddie Lane. Appellant and Lane were arrested for possession of cocaine. Upon learning that she was going to jail, appellant asked the police to leave Allen Butler, one of the people present, in charge of the house.

### Appellant's Clothing

In point of error one, appellant argues the trial court committed reversible error in allowing the trial to proceed with appellant wearing the same dress she wore to voir dire.

Voir dire was held on Friday, March 31, 1995. On Monday, April 3, 1995, before the jury was called in, appellant objected, stating she was wearing the same dress she had worn to voir dire because she had not received the outfit her attorney sent to her in jail. The trial court overruled her objection, and had the record reflect that appellant was in street clothes, not jail clothes.

Appellant claims her appearance in the same dress at voir dire on Friday and again on Monday would have caused the jury to infer that she was in custody. This, she argues, violated her constitutional rights because it denied her the presumption of innocence.

 Courts have held that forcing a defendant to go to trial wearing prison clothes or handcuffs is reversible error. *Estelle v. Williams,* 425 U.S. 501, 505–06, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976); *Randle v. State,* 826 S.W.2d 943, 946 (Tex.Crim.App. 1992); *Ex parte Clark,* 545 S.W.2d 175, 177 (Tex.Crim.App.1977). Requiring a defendant to appear before a jury in prison clothes over his objection infringes on his right to the presumption of innocence. *Randle,* 826 S.W.2d at 946.

 In the present case, appellant was not forced to wear jail clothes to court and appellant cites no cases which support her assertion that wearing the same street clothes to trial two days in a row suggests that a defendant is in custody. The fact that she wore a black and white dress to court on both days would not have necessarily or even probably led the jury to infer that she was in custody.

We overrule point of error one.

### Sufficiency of the Evidence

In point of error two, appellant argues the trial court erred in allowing the jury to convict her based on the law of parties because there was no evidence that she aided, assisted, or encouraged another person to possess the cocaine. In points of error three and four, she claims the evidence was legally and factually insufficient to link her to the cocaine found in her bedroom.

The evidence showed appellant lived in and had a possessory interest in the house where cocaine was sold to an informant on December 14, 1995, and cocaine was found on December 15, 1995. Appellant was present in her front yard when officers arrived. She told a police officer that she lived with Lane in the bedroom where the cocaine, women's clothing, and her identification card were found. Her state identification card showed 4505 Knoxville as her address. The cocaine was in plain sight, in powder form and in a

large glass jar in the process of being made into crack, on top of one of the dressers in appellant's bedroom. Before being taken to jail, appellant asked that Allen Butler be left in charge of the house.

A jury charge on the law of parties is appropriate when the evidence indicates a defendant encouraged, directed, or aided another in the commission of the offense. *Crank v. State*, 761 S.W.2d 328, 352 (Tex. Crim.App.1988); *Becker v. State*, 840 S.W.2d 743, 746 (Tex.App.—Houston [1st Dist.] 1992, no pet.). To find a defendant was a party to the offense, the evidence must show the parties acted together at the time of the offense, each contributing to the execution of the offense. *Becker*, 840 S.W.2d at 746. In determining whether a defendant participated in an offense as a party, the court may examine the events occurring before, during, and after the commission of the offense. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim.App.1994).

Since the evidence showed that appellant and Lane exercised control over the room where the cocaine was found, the trial court properly submitted the law of parties jury charge. We overrule point of error two.

As to the legal and factual sufficiency of the evidence, appellant argues any of the four people found inside the house could have put the cocaine in her room. Appellant was outside the house at the time of the raid and there was no evidence that appellant had personally possessed the cocaine. Therefore, the State failed to affirmatively link appellant to the cocaine.

In order to convict a defendant of unlawful possession of cocaine, the jury must find the defendant knowingly exercised care, control, or management over the drug. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985); *Gilbert v. State*, 874 S.W.2d 290, 297 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); TEX. HEALTH & SAFETY CODE § 481.002(38), 481.115 (Vernon 1992 & Supp.1998). When the defendant was not in exclusive control over the place where the drugs were found, the State must show affirmative links between the defendant and the drugs. *Brown v. State*, 911 S.W.2d 744, 748 (Tex.Crim.App.1995); *Gilbert*, 874 S.W.2d at 298. Such links may be proved circumstantially. *McGoldrick*, 682 S.W.2d at 578. The links may be established by factors including whether the drug was in plain view, the defendant owned or had a right to possess the place where the drug was found, the drug was easily accessible to the defendant, the place where the drug was found was enclosed, other contraband or drug paraphernalia was present, or the defendant made furtive gestures or incriminating statements. *Gilbert*, 874 S.W.2d at 298.

In reviewing the legal sufficiency of the evidence we will affirm a conviction if, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 126, 132 (Tex.Crim.App. 1996); *Short v. State*, 874 S.W.2d 666, 667 (Tex.Crim.App.1994); *Howley v. State*, 943 S.W.2d 152, 155 (Tex.App.—Houston [1st Dist.] 1997, no pet.). The trier of fact may consider circumstantial evidence when determining if the State has proven its case. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim. App.1991). In reviewing the evidence in the light most favorable to the jury verdict, we do not reweigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We review the evidence to ensure the jury reached a rational decision. *Id.* If we find the evidence legally insufficient to support the conviction, we must reverse and render a judgment of acquittal. *Clewis*, 922 S.W.2d at 133.

As noted above, appellant was present in the yard at the time the police arrived. She said she lived in the house, specifically the southeast bedroom. Her identification, as well as clothing apparently belonging to her were in the bedroom. The drugs were open and obviously visible in the bedroom. Appellant took responsibility for seeing that someone was left in charge of the house.

When viewed in the light most favorable to the State's case, the evidence established sufficient affirmative links between appellant

and the cocaine. The trier of fact having come to that conclusion, we are not in a position to reverse the judgment on legal sufficiency grounds. *Moreno*, 755 S.W.2d at 867; *Reece v. State*, 878 S.W.2d 320, 325 (Tex.App.—Houston [1st Dist.] 1994, no pet.). We find the evidence legally sufficient to support the jury's finding that appellant is guilty of possession.

We overrule point of error three.

In reviewing the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129. We do not view the evidence in the light most favorable to the verdict. *Id.* at 135.

The jury, as the trier of fact, is the sole judge of the credibility of witnesses and the weight to be given to testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986); *Reece*, 878 S.W.2d at 325; TEX.CODE CRIM. P. ANN. art. 36.13 (Vernon 1981). The jury may believe or disbelieve all or any part of a witness's testimony. *Sharp*, 707 S.W.2d at 614; *Smith v. State*, 789 S.W.2d 419, 420 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

Though, as appellant argues, there were four people who were actually in the house at the time the police entered, these people were all in the living room and none of these people had any other connection to the house. The only drugs found near them was the marihuana. The cocaine was in appellant's bed room, the most personal room in her house. Having viewed all the evidence, we find the guilty verdict was not so contrary to the weight of the evidence as to be clearly unjust. The evidence was factually sufficient to support the jury's verdict.

We overrule point of error four.

We affirm the trial court's judgment.

O'CONNOR, J., dissenting.

O'CONNER, Justice, dissenting.

I disagree with the majority's resolution of points of error two and three.

## Facts

I agree with the facts as stated by the majority. However, some facts I feel relevant were omitted and others bear repeating.

The search of the house was conducted on information from a confidential informant after a controlled buy at house. The search warrant did not state the name of the person who sold the crack, but described the person as an "unknown" black male, clean shaven. At trial, the police did not know who owned the house. No one fitting the description of the black male in the search warrant was found at the house.

When the officers arrived at the address, they found three people, including the appellant and Eddie Lane, standing in front yard. Some of the officers took custody of the three people, and the other officers went inside where they found four people in the den.

In the bedroom shared by the appellant and Lane, the police found women's clothing and the appellant's Texas identification card on top of one of the two dressers. The cocaine was found on top of the other dresser.

### 1. Law of Parties

In point of error two, the appellant argues the trial court erred in allowing the jury to convict her based on the law of parties because there was no evidence she aided, assisted, or encouraged another person to possess the cocaine. The appellant made a timely objection to the charge.

A person is criminally responsible as a party to an offense if the offense is committed by her own conduct, by the conduct of another for which she is criminally responsible, or by both. TEX. PENAL CODE §7.01(a); *Goff v. State*, 931 S.W.2d 537, 544 (Tex.Crim. App.1996). Therefore, under the law of parties, the State is able to enlarge a defendant's criminal responsibility to acts in which she may not be the principal actor. *Goff*, 931 S.W.2d at 544. Where there is no charge on the law of parties a defendant may only be convicted on the basis of her own conduct. *Goff*, 931 S.W.2d at 544.

Evidence is sufficient to support a conviction under the law of parties where the defendant is physically present at the commission of the offense, *and* encourages the commission of the offense either by words or other agreement. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex.Crim.App.1994); *Becker v. State*, 840 S.W.2d 743, 746 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The evidence must show that at the time of the offense, the parties were acting together, each contributing some part towards the execution of their common purpose. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex.Crim. App.1985); *Becker*, 840 S.W.2d at 746.

In this case, the State presented no evidence to show the appellant was physically present in the bedroom *at the same time the cocaine was present.* The State presented no evidence the appellant was in possession or the cocaine or that she agreed with Lane or some other person to possess it. The State presented no evidence the appellant was guilty of possession of cocaine or the conduct of another for whom she was criminally responsible. The State presented no evidence the appellant encouraged, directed, or aided another person in the commission of the offense.

The State defends the conviction by arguing the appellant *must have known* of the presence of the cocaine in the bedroom she shared with Lane and therefore she was guilty as a party. This "must have known" theory of proof relieves the State of the bother of providing evidence. The majority agrees with the State's theory, and succinctly states its holding in one sentence:

Since the evidence showed that appellant and Lane exercised control over the room where the cocaine was found, the trial court properly submitted the law of parties jury charge. We overrule point of error two.

Majority op., at 49.

The State and the majority do not contend that the appellant's presence was enough, for indeed she was not present in the same room as the cocaine. At the time of the search, she was in the front yard. The cocaine was inside the house, in a jar (which is portable), on top of someone else's dresser. There was no proof that the appellant was ever in the room at the same time as the cocaine. There was no proof the appellant even knew about the cocaine. The jar with the cocaine could have been placed on the dresser while the appellant was outside of the house; someone in the house could have moved it there just before the search.

The State's "must have known" theory of proof has already been rejected by this Court. In *Boudreaux v. State*, 757 S.W.2d 139, 145 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), the State defined the issue as whether the defendant knew what was going on. *Id.* The State argued the defendant must have known what was going on and therefore was guilty as a party. We disagreed with the State and acquitted the defendant. *Id.* at 146. Here, as in *Boudreaux*, except for the "must have known" theory of proof, there is no evidence the appellant—acting with intent to promote or assist the commission of an offense—solicited, encouraged, directed, aided, or attempted to aid another person to commit an offense.

If the majority's holding is correct, it would justify the submission of the charge of parties even if the appellant had been blocks away at the time of the search, even if she had been in the next county. The majority's holding does not even require the appellant's presence at the place of the offense.

I would find it was reversible error to charge the jury on the law of parties.

## 2. Legal Sufficiency of the Evidence

In point of error three, the appellant argues the evidence was legally insufficient to support her conviction. Because I would sustain point of error two (the evidence did not support a conviction based on the law of parties), I would review the evidence under this point to determine if it supports the appellant's conviction as a principal to the offense.

When viewed in the light most favorable to the State's case, the evidence does not establish the appellant's guilt beyond a reasonable doubt. At most, the evidence shows the appellant lived in the bedroom where the cocaine was found. At the time of the raid,

the appellant was outside the house. There was no evidence that the appellant had the cocaine in her possession before the raid. At least five other people (Lane and the four people arrested inside the house), had access to the room where the cocaine was found.

I would find the evidence was legally insufficient to support the jury's finding that the appellant is guilty of possession. *See Williams v. State*, 859 S.W.2d 99, 101–02 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (evidence insufficient when defendant not in possession of cocaine and did not make incriminating statements or furtive gestures); *Tatum v. State*, 836 S.W.2d 323, 324 (Tex. App.—Austin 1992, pet. ref'd) (evidence insufficient to convict defendant of possession where he fled house in which drug paraphernalia was found and was found near syringe containing drugs); *Hoss v. State*, 735 S.W.2d 899, 902 (Tex.App.—Houston [14th Dist.] 1987, no pet.) (the State must link defendant to the contraband, not only to the location where the contraband was found); *see also Villegas v. State*, 871 S.W.2d 894, 897 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (evidence sufficient where defendant was sole occupant of house and drugs were in plain view inside closets).

I would sustain point of error three and render a judgment of acquittal.