# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00173-CR

---

**James Hicks, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 003153, HONORABLE JON WISSER, JUDGE PRESIDING

---

Following a bench trial, the district court found appellant James Hicks guilty of possession of less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2002). Appellant pled true to two enhancement paragraphs, and the court sentenced him to three years' confinement. Appellant contends the evidence is legally and factually insufficient to support his conviction. We affirm the conviction.

On April 13, 2000, Austin Police Officer Curt Thomas was watching a large apartment complex that was known for drug activity, looking for a particular black female. Thomas saw appellant drive out of the complex in a dark-colored Nissan Maxima with a woman matching the description in the back seat; a man sat in the front passenger seat. Thomas saw appellant commit a traffic violation and radioed an officer in a marked patrol car to pull appellant over. Thomas watched the traffic stop from a distance and saw the patrol officers remove appellant and the passengers from the car and search the car. Thomas did not see appellant arrive at the apartment building, did not

know in which apartment appellant had been, and did not know how long appellant had been at the complex.

Officer Richard Guajardo was one of the two officers in the patrol car that stopped appellant for a traffic violation. After appellant made an abrupt lane change without signaling, Guajardo and his partner, Maria Galvan, stopped appellant in a parking lot. Guajardo testified that when he approached appellant's car after the stop, he saw a closed box of Newport cigarettes in the console above the gearshift between the driver's and passenger's seats. Guajardo thought that the box was to the left side of the gearshift. When a warrant check revealed that appellant and his two passengers all had warrants out for their arrests, the officers arrested them. Galvan and Guajardo searched appellant's car, and Galvan discovered in the cigarette box a rock of crack cocaine and a marijuana cigarette. Before the box was opened, Guajardo could not tell it contained drugs. The box was accessible to both appellant and the passenger. Guajardo did not see appellant or his passenger make any kind of movement toward the box or the console.

Officer Galvan testified that she found the drugs in the cigarette box. Galvan did not see anyone make any motions toward the console, nor did she observe appellant or his front seat passenger place the box in the console. When asked whether the box was nearer to appellant or to the passenger, Galvan said it was in the center. The car appellant was driving was registered to Sandra Hicks.

Austin Police Detective Russell Overheu testified that on April 24, 2000, he arrested Arthur Johnson, appellant's front-seat passenger, for drug possession after he stopped Johnson for a traffic violation and smelled marijuana. Overheu asked if Johnson had more marijuana, and Johnson

2

said he had some in his car. Overheu found a rock of crack cocaine and a marijuana cigarette lying in the center console of the car Johnson was driving. The drugs were not concealed in a cigarette box; the marijuana was in a napkin and the cocaine was "on top of the center console in plain view."

Appellant contends the evidence is legally and factually insufficient to prove that he knowingly exercised control over the drugs.

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Howard v. State*, 972 S.W.2d 121, 124 (Tex. App.—Austin 1998, no pet.). In reviewing factual sufficiency, we view all of the evidence in a neutral light and set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson*, 23 S.W.3d at 6-7; *Martinets v. State*, 884 S.W.2d 185, 189 (Tex. App.—Austin 1994, no pet.). We compare the evidence supporting a disputed fact with evidence tending to disprove that fact. *Johnson*, 23 S.W.3d at 7; *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We may overturn a fact finder's determination only when the record clearly indicates a manifest injustice; otherwise, we must accord due deference to the fact finder's determinations, particularly those concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 8-9; *Jones*, 944 S.W.2d at 648.

In a prosecution for drug possession, the State has the burden of proving (1) that the defendant exercised care, custody, control, or management over the drugs, and (2) that he knew he possessed a controlled substance. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995);

3

*Martinets*, 884 S.W.2d at 187. When the defendant is not in exclusive possession or control of the place where the drugs are found, the State must affirmatively link the defendant with the drugs. *Brown*, 911 S.W.2d at 747-48; *Hackleman v. State*, 919 S.W.2d 440, 444 (Tex. App.—Austin 1996, pet. ref'd, untimely filed); *Martinets*, 884 S.W.2d at 187. The affirmative links need not be so strong as to exclude every other reasonable alternative hypothesis except the defendant's guilt.[1] *Brown*, 919 S.W.2d at 748; *Hackleman*, 919 S.W.2d at 444; *Martinets*, 884 S.W.2d at 187-88. Possible affirmative links between a defendant and illegal drugs are whether: the drug was in plain view; the defendant owned or had a right to possess the place where the drug was found; the drug was easily accessible to the defendant; other drugs or drug paraphernalia were found; the defendant was driving the automobile in which the drug was found; or the defendant made furtive gestures or incriminating statements. *See Bryant v. State*, 982 S.W.2d 46, 49 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *Martinets*, 884 S.W.2d at 188.

---

[1] In *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), the court of criminal appeals rejected "the reasonable alternative hypothesis analysis," under which a reviewing court determined whether the affirmative links between the defendant and the drugs excluded every other reasonable hypothesis that someone other than the defendant possessed the drugs. 820 S.W.2d at 159-61; *see also Brown v. State*, 911 S.W.2d 744, 747-48 (Tex. Crim. App. 1995) (discussing *Geesa*). In *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000), the court partially overruled *Geesa*, and appellant argues that *Paulson* "reintroduces the need for a reasonable alternative hypothesis analysis." *See* 28 S.W.3d at 573. We disagree. *Geesa* addresses two separate issues—the reasonable alternative hypothesis analysis and the necessity of a jury definition of "reasonable doubt." *Geesa*, 820 S.W.2d at 155. *Geesa* discusses and rejects the reasonable alternative hypothesis analysis and then moves on to a separate discussion of the jury definition. *Id.* at 161-62. *Paulson* overrules *Geesa* only as to the jury definition, and does not cast doubt on the rejection of the reasonable alternative hypothesis analysis. *Paulson*, 28 S.W.3d at 573 ("We specifically overrule that portion of *Geesa* which requires trial courts to instruct juries on the definition of 'beyond a reasonable doubt.'").

4

Here, appellant was driving the car in which the drugs were found. The drugs were in the center console of the car, easily accessible to appellant, and there was testimony that the drugs were located slightly nearer to appellant than to his passenger. The cigarette box in which the drugs were stored was in plain view. There was no testimony to rebut the appearance that appellant had a right to possess the car, which was registered to Sandra Hicks. Appellant was seen leaving an apartment complex known for drug activity. Viewing the evidence in the light most favorable to the district court's determination, we hold the evidence is legally sufficient to tie appellant to the drugs. *Johnson*, 23 S.W.3d at 7. Even when all of the evidence is considered, we cannot hold that the guilty verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.[2] *Id.* at 9. We overrule appellant's issues on appeal and affirm the district court's judgment of conviction.

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: January 31, 2002

---

[2] Appellant specifically cites us to two cases in which the evidence was held to be insufficient. *Zertuche v. State*, 774 S.W.2d 697, 701 (Tex. App.—Corpus Christi 1989, pet. ref'd); *Baltazar v. State*, 638 S.W.2d 130, 131-32 (Tex. App.—Corpus Christi 1982, no pet.). However, as discussed *supra* note 1, those cases are pre-*Geesa* and are disapproved. *See Geesa*, 820 S.W.2d at 161.

Do Not Publish