In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00413-CR

____________


IDALIA OCHOA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court 

Harris County, Texas

Trial Court Cause No. 861523





O P I N I O N


 A jury found appellant, Idalia Ochoa, guilty of possession with intent to deliver
cocaine, weighing more than four grams and less than 200 grams. Having found true
an enhancement paragraph alleging a prior conviction for delivery of marihuana, the
trial court assessed punishment at 30 years in prison. We address: (1) whether
appellant preserved her claim that an officer intentionally omitted information from
the search warrant affidavit; (2) whether the evidence was factually insufficient to
prove appellant had possession of the cocaine in question; and (3) whether appellant
preserved her complaint about the trial court's admitting the search warrant and
supporting affidavit. We affirm.

Facts

 A confidential informant revealed to Houston Police Officer Diana Lott that
there was narcotic trafficking in and out of a particular house. Officer Lott conducted
surveillance of the house and noticed many persons visiting for short intervals
throughout the day. Lott decided to use an informant who was certified with the
police department. Certification by the department indicates that the informant had
been used numerous times before and that actual arrests were secured on information
supplied by the informant. This particular informant had been used more than 10
times by Diana Lott and had proven reliable. Lott used the informant for two
controlled narcotic buys from this residence as part of the surveillance. The second
controlled buy was on August 14, 2000, and was carried out in anticipation of
securing a search warrant. The informant was paid for his participation in the
controlled buys. The informant was also to be paid a contingency-type payment,
depending on the amount of drugs found at the residence.

 On August 15, 2000, officers obtained a search warrant for appellant's house. 
The affidavit for the search warrant stated that Diana Lott met with a credible,
reliable, and confidential informant from whom the officers had received reliable and
credible information in the past that proved to be true and correct. The affidavit
stated that, according to the informant, a Hispanic male, known only as Robert, and
a Hispanic female, whose name was unknown, were selling crack cocaine from
appellant's house. Physical descriptions of the two individuals were also in the
affidavit. The affidavit did not contain a description of the surveillance that was
performed during the investigation, nor did the affidavit include the number of people
making short visits. The affidavit also did not state whether the informant was paid
or had a criminal record.

 On August 18, 2000, the search warrant was executed, and Officer P.K. Brean
was the first officer inside during the search. As Brean made his way into the
kitchen, he observed appellant's husband, Robert Solis, and Carlos Solis, Robert's
brother, in the kitchen area. After conducting a pat down of the two men, the officer
discovered a loaded .38 revolver in Carlos Solis's left front pants pocket. Another
handgun was found in the kitchen cabinet next to the sink. In the kitchen, crack
cocaine were found cooling into a solid finished product in plain view on the kitchen
counter, on the window sill, above the kitchen sink, and on a plate on the table. The
police found another plate and glass tube with cocaine residue, cookie forms in which
crack cocaine is cooled, and drugs throughout the residence.

 Upon entering the residence, Officer Bobby Lott, husband of Officer Diana
Lott, saw appellant moving from the living area to the master bedroom. When
appellant failed to stop as ordered, Bobby Lott chased appellant to her bedroom
where she was arrested. Appellant and her husband shared the master bedroom,
where officers found a crack pipe, a bag containing 143 Valium and Soma pills,
marijuana, and three baggies filled with crack rock chunks. Officers also found
fingernail polish, makeup, and hair combs in the same area. Neither Robert nor
Carlos Solis was wearing fingernail polish or makeup. The Valium was found on
paper owned by appellant. In the master bedroom closet, the officers found a triple
beam scale used to measure large amounts of crack cocaine, a letter scale designed
for measuring postage but used to measure smaller amounts of cocaine. They also
found a loaded rifle found standing up in the corner of the room. The bedroom
contained a refrigerator containing crack cocaine cooling into a finished product. 
Finally, $899 in cash, mostly in 20-dollar bills, was found in the master bedroom. 
The cash was later tested for drugs using a drug dog, which alerted on the cash,
indicating the cash was contaminated with cocaine residue. Diana Lott testified that
a common unit of sale was 20-dollars worth of crack cocaine. Overall, the residence,
which appellant and her husband owned, contained more than 25 grams of cocaine. 

Motion to Suppress

 In her first point of error, appellant contends the trial court committed
reversible error when it denied her motion to suppress, which she based on a Franks
objection to the search warrant affidavit. See Franks v. Delaware, 438 U.S. 154, 171,
98 S. Ct. 2674, 2676 (1978). Appellant contends that officers should have informed
the magistrate that the informant had a criminal record and was being paid on a
contingency-fee basis. Franks permits a reviewing court to go outside the four corners of the affidavit
when the defendant establishes by a preponderance of the evidence that a falsehood
in the affidavit was made intentionally, knowingly, or with reckless disregard for the
truth. See id. Appellant contends Franks should be extended to include statements
that are omitted intentionally, knowingly, or with reckless disregard. See Heitman v.
State, 789 S.W.2d 607, 610-11 (Tex. App.--Dallas 1990, pet. ref'd) (holding
allegations of material omissions treated similarly to material misstatements); see also
Melton v. State, 750 S.W.2d 281, 284 (Tex. App.--Houston [14th Dist.] 1998, no
pet.) (same); U.S. v. Martin, 615 F.2d 318, 328 (5th Cir. 1980) (same).

 To preserve error, a timely objection stating specific grounds must be made at
trial. See Tex. R. App. Proc. 33.1(a). The error raised on appeal must also comport
with the objection made at trial. See Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim.
App. 1990). At the motion-to-suppress hearing, appellant contended the evidence
was insufficient to show the reliability of the confidential informant. Appellant did
not contend that there had been a misrepresentation or omission made intentionally,
knowingly, or with reckless disregard. Because appellant now contends that Franks
should be extended to include material omissions, but did not do so at trial, she failed
to preserve this issue for review.

 We overrule appellant's first point of error. 

Legal Sufficiency

 In her second point of error, appellant contends the evidence is legally 
insufficient to show that she had possession of the cocaine. Appellant contends the
State did not show she exercised any dominion or control over the drugs in question,
such that she would have knowingly or intentionally possessed them. See Tex.
Health & Safety Code Ann. § 481.112(d) (Vernon 2000).

 The standard of review for legal sufficiency requires us to view the evidence
in the light most favorable to the conviction and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

 To prosecute the offense of possession with intent to deliver a controlled
substance weighing more than four grams and less than 200 grams, the State had to
prove knowing possession through facts and circumstances affirmatively linking the
accused to the controlled substance. Brown v. State, 911 S.W.2d 744, 748 (Tex.
Crim. App. 1995). Because the jury was instructed on the law of parties, the jury was
entitled to convict if it found that appellant acted with the intent to promote or assist
the commission of the offense and solicited, encouraged, directed, aided or attempted
to aid Carlos Solis or Robert Solis in the commission of the offense. See Tex. Penal
Code § 7.02(a)(2) (Vernon 2000). Appellant does not challenge the propriety of this
charge or complain of its submission to the jury. Thus, the jury was entitled to
convict on the basis of appellant's possession alone, or on the basis of her
intentionally encouraging either of the Solises' possession with intent to deliver.

 Factors that may establish an affirmative link showing possession include
whether: the contraband was in plain view; the contraband was readily accessible to
the accused; the accused owned the container or place where the contraband was
found; the accused was in possession of drug paraphernalia; and conduct of the
accused indicated a consciousness of guilt. Gilbert v State, 874 S.W.2d 290, 298
(Tex. App--Houston [1st Dist.] 1994, pet. ref'd). 

 Appellant points out that, when police entered the house she was watching
television, and there was no indication that she had anything to do with the drugs. 
However, drugs were found in the bedroom she shared with her husband. In a dresser
in the master bedroom, drugs were found along with fingernail polish, makeup, and
a hair comb, and neither of the two male suspects was wearing fingernail polish or
makeup. Drugs were found throughout the house. The police conducted two
controlled buys from the residence. Appellant owned the house with her husband,
and the police observed what appeared to be narcotics traffic in and out of the house
before the drug raid. Appellant also fled from police when they entered her home. 
In a similar case involving possession of cocaine, we held the evidence established
sufficient affirmative links between the appellant and the cocaine. Bryant v. State,
982 S.W.2d 46, 49-50 (Tex. App.--Houston [1st Dist.] 1998, no pet.). In Bryant, the
evidence showed the appellant lived in and had a possessory interest in the home. Id.
at 48. Futhermore, the cocaine was found in plain view, but marijuana was found in
the appellant's dresser drawer. Id. at 48. As in Bryant, the evidence here established
sufficient affirmative links between appellant and the cocaine.

 In the alternative, appellant asks us to use the reasonable alternative hypothesis
analysis. The Court of Criminal Appeals rejected this analysis, however, in Geesa v.
State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), overruled in part on other
grounds by Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). We
decline to hold that the demise of the necessity for a jury instruction defining
"reasonable doubt" required by Paulson requires the reestablishment of the
reasonable alternative hypothesis analysis abandoned in Geesa.

 We overrule appellant's second point of error.

Search Warrant

 In her third point of error, appellant contends, for the first time on appeal, that
the trial court committed reversible error when the State was allowed to admit the
search warrant and supporting affidavit into evidence. Counsel for a co-defendant
objected to the admission of the search warrant and supporting affidavit on hearsay
grounds. The trial court overruled the objection, but counsel for appellant did not
object. A co-defendant may adopt the objection of her fellow defendant, but that
adoption must be reflected in the record. Woerner v. State, 576 S.W.2d 85, 86 (Tex.
Crim. App. 1979). A co-defendant who does not voice her own objection at trial has
not preserved error. See Lerma v. State, 679 S.W.2d 488, 498 (Tex. Crim. App.
1982). In the absence of any agreement that one counsel's objection would
automatically apply to all counsel, it was incumbent on counsel for appellant to make
a separate objection on behalf of appellant. This was not done. Therefore, appellant
has waived her right to complain about the admission of the search warrant and
supporting affidavit.

 We overrule appellant's third point of error.


Conclusion

 We affirm the judgment of the trial court.






 Tim Taft

 Justice


Panel consists of Justices Mirabal, Taft, and Smith. (1)


Do not publish. Tex. R. App. P. 47.4.


1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.